**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4497**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

EDDIE BLANCHARD, a/k/a Jughead, a/k/a Jug,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.  (3:14-cr-00139-HEH-1)

_____

Submitted:  May 31, 2016          Decided:  June 15, 2016

_____

Before GREGORY, SHEDD, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Steven P. Hanna, Richmond, Virginia, for Appellant.   Thomas
Arthur Garnett, Michael Calvin Moore, Assistant United States
Attorneys, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Eddie Blanchard of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349 (2012), wire fraud, in violation of 18 U.S.C. §§ 1343, 2 (2012), mail fraud, in violation of 18 U.S.C. §§ 1341, 2 (2012), aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), 2 (2012), conspiracy to obstruct official proceedings, in violation of 18 U.S.C. § 1512(k) (2012), and obstruction of official proceedings, in violation of 18 U.S.C. § 1512(c)(2), 2 (2012). The district court sentenced Blanchard to an aggregate term of 204 months' imprisonment. In accordance with Anders v. California, 386 U.S. 738 (1967), Blanchard's counsel has filed a brief certifying there are no meritorious grounds for appeal but questioning whether the district court erred in admitting codefendant Junior Jean Merilia's out-of-court statements, describing the conspiracy and implicating Blanchard in the conspiracy, through the testimony of Merilia's former girlfriend. Although notified of his right to file a pro se brief, Blanchard has failed to do so. We affirm the district court's judgment.

The district court admitted Merilia's statements to his former girlfriend under Fed. R. Evid. 804(b)(3). We review the district court's admission of these statements for abuse of discretion. United States v. Dargan, 738 F.3d 643, 649 (4th

2

Cir. 2013). For the statements to be admissible, (1) the declarant must be unavailable, (2) the statement must be inculpatory, and (3) the statement must be sufficiently corroborated. Id. Merilia's statements satisfied the first two requirements, as they clearly implicated him in the conspiracy and he was unavailable to testify as he had yet to be sentenced after his guilty plea. See Mitchell v. United States, 526 U.S. 314, 328-29 (1999) (holding that the Fifth Amendment privilege against self-incrimination extends to sentencing proceedings). As to the corroboration of a statement under Rule 804(b)(3), we have identified six factors to assist in this inquiry:

> (1) whether the declarant had at the time of making the statement pled guilty or was still exposed to prosecution for making the statement, (2) the declarant's motive in making the statement and whether there was a reason for the declarant to lie, (3) whether the declarant repeated the statement and did so consistently, (4) the party or parties to whom the statement was made, (5) the relationship of the declarant with the accused, and (6) the nature and strength of independent evidence relevant to the conduct in question.

United States v. Kivanc, 714 F.3d 782, 792 (4th Cir. 2013).

We conclude that the district court did not abuse its discretion in admitting Merilia's statements. At the time he made the statements, Merilia was aware that law enforcement was investigating codefendant Ramoth Jean, and later himself. While Merilia did not repeat the statements a large number of times, he made several statements to his former girlfriend over the

3

course of several months.  Additionally, Merilia had a years-long relationship with his former girlfriend.  Moreover, Merilia and Blanchard were lifelong friends.  Finally, Merilia's statements were corroborated by the other evidence introduced over the course of the trial.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform Blanchard, in writing, of the right to petition the Supreme Court of the United States for further review.  If Blanchard requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Blanchard.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED